FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 OCT 16 PM 3: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

OCT 16 1998

| | | |
|---|---|---|
| RODNEY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER--- |
| | ) | |
| BROWN & WILLIAMSON TOBACCO | ) | 97-C-3081-NE |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

*Pro-se* plaintiff Rodney Robinson filed this action under
the Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331, et
seq. ("the Act"), in the Circuit Court of Limestone County,
Alabama.  Since his incarceration at an Alabama correctional
facility on December 24, 1994, the plaintiff has used and become
addicted to the defendant Brown & Williamson Tobacco Corporation
("B&W")'s "Bugler" brand of rolled tobacco.  He alleges that he has
suffered damages because B&W failed to warn him that the Bugler
tobacco product was addictive and they contain carbon monoxide,
"impurities, toxicants or poisons."  Complaint, p. 2.  He also
makes a federal due process claim.

B&W has removed the case to this court and moved to dismiss the action. The court initially denied the motion; but on reconsideration, the motion is due to be granted.

I

Bugler is a loose tobacco product which consumers roll into cigarettes. The product is not rolled into cigarettes prior to sale.

II

The Act requires the labeling of <u>packaged</u> cigarettes. It defines "cigarettes" as follows:

> (a) any roll of tobacco wrapped in paper or in any substance not containing tobacco, and
>
> (b) any roll of tobacco wrapped in any substance containing tobacco which, because of its appearance, the type of tobacco used in the filter, or its packaging and labeling, is likely to be offered to, or purchased by, consumers as a cigarette described in subparagraph (a).

15 U.S.C. § 1332(1)(1985).   The obvious operative statutory phrase is "roll of tobacco."

The courts have consistently held that the Act does not

2

require loose tobacco products like "Bugler" to bear the Surgeon General's warning label otherwise required by the Act.  See <u>Palms v. Brown & Williamson tobacco Corp.</u>, CV-97-D-114-N (M.D. Ala. April 7, 1997); <u>Toole v. Brown & Williamson tobacco Corp.</u>, 980 F.Supp. 419, 1997 WL 629799, (N.D. Ala.,October 8, 1997).

Alabama law does not impose on tobacco manufacturers a duty to warn of the hazards associated with tobacco smoking, because such risks are so thoroughly well-known as to be open and obvious.  See <u>Bean v. BIC Corp.</u>, 597 So.2d 1350, 1353 (Ala. 1992); <u>General Electric Co. v. Mack</u>, 375 So.2d 452, 456 (Ala. 1979).

The plaintiff's due process claim fails because clearly the defendant is not a state actor for Fourteenth Amendment and 42 U.S.C. § 1983 purposes.

By separate order, the motion to dismiss will be granted.


DONE this _____ day of October, 1998.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

3